UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

№ 11-cv-5198 (JFB) (AKT)
_____

REGINALD WILLIAMS,

Plaintiff,

VERSUS

SUFFOLK COUNTY ET AL.,

Defendants.
_____

**MEMORANDUM AND ORDER**
December 28, 2012
_____

JOSEPH F. BIANCO, District Judge:

*Pro se* plaintiff Reginald Williams ("Williams" or "plaintiff") brought this action against Suffolk County and three John Doe corrections officers (collectively, "defendants") alleging violations of Williams' constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges that three corrections officers physically assaulted him on May 26, 2011.

Defendants now move for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c). For the reasons set forth below, defendants' motion is denied. Specifically, defendants have failed to satisfy their burden, at this stage, of proving that plaintiff has failed to exhaust his administrative remedies, because plaintiff has adequately alleged that he did not exhaust those remedies due to a misrepresentation by prison officials. In particular, plaintiff alleges that he withdrew his grievance because he was told by prison officials that there was nothing the grievance process could do, and that he should get in contact with Internal Affairs. Thus, given these allegations, the motion for judgment on the pleadings for failure to exhaust is denied. However, defendants can raise this issue again in a motion for summary judgment after discovery has taken place.

I. BACKGROUND

A. Factual Background

The following facts are taken from the complaint and plaintiff's Affidavit in Opposition of Motion ("Pl.'s Opp.") and are not findings of fact by the Court. These allegations are assumed to be true for the purpose of deciding this motion and are construed in a light most favorable to the plaintiff, the non-moving party.

Plaintiff is an inmate at the Suffolk County Correctional Facility ("SCCF"). Plaintiff alleges that on May 26, 2011, while waiting to be transported to court, three corrections officers physically assaulted him because he failed to cease his conversation with another inmate. (Compl. at 4.) Specifically, plaintiff alleges that he was handcuffed, punched in the face and head, and kicked. (*Id.*) Officers then allegedly proceeded to jump on top of his right ankle several times. (*Id.*)

Plaintiff states that he unsuccessfully attempted to receive medical attention for two days. (*Id.*) When he was brought to the hospital, plaintiff was allegedly diagnosed with "torn tissues" and a sprained ankle. (*Id.*) Plaintiff received an air cast and crutches for the injury to his ankle. (*Id.*)

Plaintiff filed a grievance with SCCF officials. (Zwilling Affirmation ("Zwilling Affirm") ¶ 4.) However, before his grievance could be resolved, plaintiff withdrew the grievance. (Zwilling Affirm, Ex. C.)

In his complaint, in connection with the grievance he filed, plaintiff states that prison officials "told [him] they can't do anything, [and] that [he] had to call Internal Affairs." (Compl. at 2.) Plaintiff reiterates this statement in his Affidavit in Opposition of Motion. Plaintiff states that he filed a grievance but "was told to get in contact with Internal Affairs, that there was nothing the grievance committ[ee] could do." (Pl.'s Opp. at 1.) Plaintiff allegedly contacted Internal Affairs, and was told that it would investigate the matter. (*Id.* at 2.) A prison official noted on the grievance withdrawal form that plaintiff "may pursue this matter through the Internal Affairs unit." (Zwilling Affirm, Ex. C.)

B. Procedural Background

Plaintiff filed a complaint in this action on October 24, 2011. Defendants answered the complaint on February 24, 2012. Defendants then filed a motion for judgment on the pleadings on June 12, 2012. In anticipation of this motion, plaintiff filed an Affidavit in Opposition on June 11, 2012.

II. STANDARD OF REVIEW

Courts evaluate a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) under the same standard as a motion pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *See Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010). In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

The Supreme Court clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), setting forth a two-pronged approach for courts deciding a motion to dismiss. The Court instructed district courts to first "identify[ ] pleadings

that, because they are no more than conclusions, are not entitled to the assumption of truth." 556 U.S. at 679. Though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.

The Court notes that in adjudicating this motion, it is entitled to consider: "(1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, (4) public disclosure documents required by law to be, and that have been, filed with the Securities and Exchange Commission, and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence." *In re Merrill Lynch & Co.*, 273 F. Supp. 2d 351, 356-57 (S.D.N.Y. 2003) (internal citations omitted), *aff'd in part and reversed in part on other grounds sub nom., Lentell v. Merrill Lynch & Co.*, 396 F.3d 161 (2d Cir. 2005); *see also Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("[T]he district court . . . could have viewed [the documents] on the motion to dismiss because there was undisputed notice to plaintiffs of their contents and they were integral to plaintiffs' claim.").

Where, as here, the plaintiff is proceeding *pro se*, "a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations." *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). A *pro se* plaintiff's complaint, while liberally interpreted, still must "'state a claim to relief that is plausible on its face.'" *Mancuso v. Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (applying *Twombly* and *Iqbal* to *pro se* complaint).

### III. DISCUSSION

#### A. Failure to Exhaust

Defendants argue that plaintiff is barred from raising a claim because plaintiff has not exhausted his administrative remedies. For the reasons set forth below, the Court concludes that, based upon the allegations in the complaint that plaintiff withdrew his grievance after being told by prison officials that it was futile (and that he should pursue the matter with Internal Affairs), defendants motion for judgment on the pleadings is denied.

##### 1. Legal Standard

The Prison Litigation Reform Act of 1995 states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "The PLRA exhaustion requirement 'applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.' Prisoners must utilize the state's grievance procedures, regardless of whether the relief sought is offered through those procedures." *Espinal v. Goord*, 558 F.3d 119, 124 (2d Cir. 2009) (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citations omitted)). "Proper

3

exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings" *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). Therefore, the exhaustion inquiry requires a court to "look at the state prison procedures and the prisoner's grievance to determine whether the prisoner has complied with those procedures." *Espinal*, 558 F.3d at 124 (citing *Jones v. Bock*, 549 U.S. 199, 218 (2007) and *Woodford*, 548 U.S. at 88-90).

Prior to *Woodford* the Second Circuit:

> recognized some nuances in the exhaustion requirement: (1) administrative remedies that are ostensibly 'available' may be unavailable as a practical matter, for instance, if the inmate has already obtained a favorable result in administrative proceedings but has no means of enforcing that result; (2) similarly, if prison officials inhibit the inmate's ability to seek administrative review, that behavior may equitably estop them from raising an exhaustion defense; (3) imperfect exhaustion may be justified in special circumstances, for instance if the inmate complied with his reasonable interpretation of unclear administrative regulations, or if the inmate reasonably believed he could raise a grievance in disciplinary proceedings and gave prison officials sufficient information to investigate the grievance.

*Reynoso v. Swezey*, 238 F. App'x 660, 662 (2d Cir. 2007) (internal citations omitted); *see also Davis v. New York*, 311 F. App'x 397, 399 (2d Cir. 2009) (citing *Hemphill v. New York*, 380 F.3d 680, 686, 691 (2d Cir. 2004)). Initially, it was unclear whether the above-discussed considerations would be impacted by *Woodford*. *See, e.g.*, *Reynoso*, 238 F. App'x at 662 ("Because we agree with the district court that [plaintiff] cannot prevail on any of these grounds, we have no occasion to decide whether *Woodford* has bearing on them."); *Ruggiero v. Cnty. of Orange*, 467 F.3d 170, 176 (2d Cir. 2006) ("We need not determine what effect *Woodford* has on our case law in this area, however, because [plaintiff] could not have prevailed even under our pre-*Woodford* case law."). However, the Second Circuit has continued to hold post-*Woodford* that an inmate's failure to comply with the exhaustion requirement may be excused on these grounds. *See Messa v. Goord*, 652 F.3d 305, 309 (2d Cir. 2011) (per curium) (citing the *Hemphill* factors).

As the Supreme Court has held, exhaustion is an affirmative defense. *See Jones*, 549 U.S. at 216 ("We conclude that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."); *see also Key v. Toussaint*, 660 F. Supp. 2d 518, 523 (S.D.N.Y. 2009) ("Failure to exhaust remedies under the PLRA is an affirmative defense, and thus the defendants have the burden of proving that [plaintiff's] retaliation claim has not been exhausted." (citations omitted)). Moreover, the Second Circuit has made clear that an inmate is not entitled to a jury trial on factual disputes regarding this failure to exhaust administrative remedies under the PLRA. *See Messa*, 652 F.3d at 310.

2. Application

Defendants argue that plaintiff failed to exhaust his remedies under the PLRA because even though he filed a grievance, he

voluntarily withdrew that grievance before prison officials could act on it. (Defs.' Mem. at 5.) Defendants also argue that plaintiff's complaint to Internal Affairs is insufficient to constitute exhaustion under the PLRA. (*Id.*)

The Court agrees with defendants that plaintiff's complaint to Internal Affairs does not constitute "proper exhaustion" under *Woodford*. The Second Circuit has held that "after *Woodford*, notice alone is insufficient because '[t]he benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance' and '[t]he prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules.'" *Macias v. Zenk*, 495 F.3d 37, 44 (2d Cir. 2007) (quoting *Woodford*, 548 U.S. at 95)). Thus, consistent with that precedent, this Court concludes that an inmate's request for an internal affairs investigation is not a substitute for complying with the prison grievance procedures.

Other courts that have specifically confronted the question of whether participating in an internal affairs investigation exhausts a prisoner's remedies under the PLRA have similarly concluded that it does not. *See, e.g., Panaro v. City of N. Las Vegas*, 432 F.3d 949, 953 (9th Cir. 2005) (holding that "participating in an internal affairs investigation does not by itself satisfy the exhaustion requirement of the PLRA"); *Thomas v. Woolum*, 337 F.3d 720, 734 (6th Cir. 2003), *abrogated on other grounds by Woodford*, 548 U.S. at 87 (stating that "the exhaustion requirement in § 1997e(a) is directed at exhausting the prisoner's administrative remedies, and that Use of Force or other investigations do not satisfy the PLRA's dictates") (internal citation and quotation marks omitted); *see also Pavey v. Conley*, 663 F.3d 899, 905 (7th Cir. 2011) (holding that "participating in an internal-affairs investigation" does not exhaust a prisoner's available administrative remedies and finding that the reasoning of the Ninth Circuit in *Panaro* and the Sixth Circuit in *Thomas* "is persuasive"); *Hill v. Tisch*, No. 02-CV-3901, 2009 WL 3698380, at *8 (E.D.N.Y. Oct. 30, 2009).

However, construing the *pro se* plaintiff's pleadings and papers liberally, plaintiff does not argue that his participation in the Internal Affairs investigation is sufficient to exhaust the PLRA's administrative remedies. Instead, plaintiff states that he attempted to exhaust his remedies, but was told that the grievance process could not help him and that he had to file a complaint with Internal Affairs. (Compl. at 2; Pl.'s Opp. at 1.) Therefore, plaintiff appears to argue that the administrative grievance procedures were not "available" to him because prison officials misrepresented that the grievance process could not assist him and that he needed to initiate an internal affairs investigation.

The Second Circuit has stated that if a prisoner has failed to exhaust, the Court must determine "whether administrative remedies were in fact 'available' to the prisoner . . . or whether the defendants' own actions inhibiting the inmate's exhaustion of remedies may estop . . . the defendants from raising the plaintiff's failure to exhaust as a defense." *Hemphill*, 380 F.3d at 686 (internal citations omitted).[1] Moreover, it is clear that "[a]n administrative remedy is not 'available,' and therefore need not be exhausted, if prison officials erroneously inform an inmate that the remedy does not

---

[1] The Second Circuit has noted that "the case law on the PLRA's exhaustion requirement does not always distinguish clearly between" these exceptions to the exhaustion requirement. *Giano v. Goord*, 380 F.3d 670, 677 n.6 (2d Cir. 2004).

5

exist or inaccurately describe the steps he needs to take to pursue it." *Pavey*, 663 F.3d at 906 (citations omitted); *see also Smith v. Woods*, No. 9:03-CV-480, 2006 WL 1133247, at *15 (N.D.N.Y. Apr. 24, 2006) (Report and Recommendation) ("[C]ase law exists supporting the proposition that, assuming plaintiff was instructed by prison officials, contrary to prison regulations, that he could not file a grievance, and plaintiff indeed did not initiate the grievance process by filing that grievance in reliance on that misrepresentation, the formal grievance proceeding required by the prison grievance system was never 'available' to plaintiff within the meaning of the PLRA.") (internal alterations, citations, emphasis, and quotation marks omitted).

In *Brown v. Croak*, 312 F.3d 109 (3rd Cir. 2002), the Third Circuit reversed the district court's decision granting defendants' motion to dismiss or for summary judgment when the plaintiff alleged in his complaint that he failed to exhaust his administrative remedies because he was erroneously told by prison officials that he had to wait until an investigation was complete before filing a formal grievance. *Id.* at 111-12. The court held that plaintiff's affidavit that prison officials misrepresented the grievance procedure to him was sufficient to create a "factual question that is disputed" and that without further discovery, the court concluded "there is insufficient evidence to find that [plaintiff] failed to exhaust his administrative remedies." *Id.* at 112.

In *Pavey*, the Seventh Circuit affirmed a grant of summary judgment to defendants because plaintiff's testimony did not support his assertion that prison officials misled him into believing that he had complied with the grievance process. 663 F.3d at 906. However, the court could only make this determination because discovery had been conducted, and it is clear from the court's opinion that plaintiff's complaint could not have been disposed of on a motion to dismiss. *Id.*; *see also Woods*, 2006 WL 1133247, at *16 (granting defendants' motion for summary judgment because while the prison grievance system is not "available" to a plaintiff who did not file a grievance due to a misrepresentation by prison officials, plaintiff had introduced no evidence that prison officials had made such a misrepresentation).

In the instant case, plaintiff has adequately alleged that the administrative grievance procedure was not "available" to him due to a misrepresentation by prison officials. *See Hemphill*, 380 F.3d at 686. Because plaintiff has stated in both his complaint and in his affidavit that he withdrew his grievance only after prison officials told him that they could not assist him, which if true would be a basis for overcoming the exhaustion requirement, defendants have not satisfied their burden (at this stage of the litigation) of proving that plaintiff's claim is not exhausted, even though plaintiff did withdraw his grievance. *See Croak*, 312 F.3d at 112, *accord Pavey*, 663 F.3d at 906. Whether the alleged misrepresentation by prison officials actually occurred and caused plaintiff to prematurely withdraw his grievance are factual issues that the Court cannot resolve at this stage of the proceeding. However, defendants can renew this argument at the summary judgment stage once discovery is complete.

## III. Conclusion

For the foregoing reasons, the Court denies defendants' motion for judgment on the pleadings.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: December 28, 2012
      Central Islip, NY

\* \* \*

Plaintiff is proceeding *pro se*, The attorney for the defendants is Dennis M. Cohen, Suffolk County Attorney, by Arlene S. Zwilling, H. Lee Dennison Building, P.O. Box 6100, Hauppauge, New York 11788-0099.