FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ OCT 22 2014 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
REGINALD WILLIAMS,

       Plaintiff,

   -against-

SUFFOLK COUNTY, PAUL ENGLEHARDT,
DENNIS DOHERTY, MAXIMILLIAN FISHER,

       Defendants.
-------------------------------------------------------------X

ORDER
11-CV-5198 (JFB)(AKT)

JOSEPH F. BIANCO, District Judge:

On October 24, 2011, *pro se* plaintiff Reginald Williams ("plaintiff") filed an *in forma pauperis* civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against Suffolk County, Paul Englehardt, Dennis Doherty, and Maximillian Fisher, alleging a claim of excessive force.

Magistrate Judge Tomlinson held a discovery status conference in this matter on January 17, 2014, at which both plaintiff and defendants' counsel were present. At that conference, the Court directed the parties to appear for a status conference on March 3, 2014. Plaintiff failed to appear, and the Court's efforts to reach plaintiff by telephone were unsuccessful. Thereafter, Magistrate Judge Tomlinson ordered plaintiff to appear in person on March 12, 2014 to show cause "why this case should not be dismissed for Plaintiff's failure to prosecute his claims and to comply with the Orders issued by this Court . . . ." (Docket Entry 88.) That order was served upon plaintiff by regular mail and by Federal Express, and the Court has confirmation from Federal Express that the order was delivered to plaintiff's address on March 4, 2014. In addition to mailing the order, Magistrate Judge Tomlinson's courtroom deputy telephoned plaintiff again, and left a message regarding his failure to appear at the conference. Plaintiff never returned the call, and failed to appear at the March 12,

2014 hearing. Defendants' counsel has represented that she has had no contact with plaintiff since the January, 2014 status conference.

Before the Court is a Report & Recommendation from Magistrate Judge Tomlinson, dated April 16, 2014 (the "R&R"), recommending that the Court dismiss this case because plaintiff has failed to comply with numerous orders and failed to prosecute the case, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The R&R instructed plaintiff to submit any objection within fourteen days. Plaintiff did not file any objection. Indeed, the Report and Recommendation was returned to the Court as undeliverable. For the following reasons, the Court adopts the R&R and dismisses the instant action pursuant to Rule 41(b).

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific, written objection" is made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997).

Rule 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)); *see Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) ("[D]ismissal [pursuant to Rule 41(b)] is a harsh remedy and is appropriate only in extreme situations."); *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004) ("Rule [41(b)] is intended to serve as a rarely employed, but useful, tool of judicial administration available to district courts in managing their specific cases and general caseload."); *see also Original*

2

*Ballet Russe, Ltd. v. Ballet Theatre, Inc.*, 133 F.2d 187, 188 (2d Cir. 1943) (citing *Blake v. De Vilbiss Co.*, 118 F.2d 346 (6th Cir. 1941)); *Refior v. Lansing Drop Forge Co.*, 124 F.2d 440, 444 (6th Cir. 1942) ("The cited rule [41(b)] enunciates a well settled concept of practice that a court of equity, in the exercise of sound judicial discretion, has general authority . . . to dismiss a cause for want of diligence in prosecution or for failure to comply with a reasonable order of the court made in the exercise of a sound judicial discretion.").

Courts have repeatedly found that "[d]ismissal of an action is warranted when a litigant, whether represented or instead proceeding *pro se*, fails to comply with legitimate court directives." *Yulle v. Barkley*, No. 9:05-CV-0802, 2007 WL 2156644, at *2 (N.D.N.Y. July 25, 2007) (citations omitted). A district court contemplating dismissal of a plaintiff's claim for failure to prosecute and/or to comply with a court order pursuant to Rule 41(b) must consider:

> 1) the duration of plaintiff's failures or non-compliance; 2) whether plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and 5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000); *see, e.g., Lucas*, 84 F.3d at 535; *Jackson v. City of New York*, 22 F.3d 71, 74-76 (2d Cir. 1994). In deciding whether dismissal is appropriate, "[g]enerally, no one factor is dispositive." *Nita v. Conn. Dep't of Env. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994); *see Peart v. New York*, 992 F.2d 458, 461 (2d Cir. 1993) ("'[D]ismissal for want of prosecution is a matter committed to the discretion of the trial judge . . . , [and] the judge's undoubtedly wide latitude is conditioned by certain minimal requirements.'") (quoting *Merker v. Rice*, 649 F.2d 171, 173-74 (2d Cir. 1981)).

Additionally, "[w]hen a party changes addresses, it is his or her obligation to notify the Court

of the new address." *Garcia v. Hynes*, No. 08 Civ. 2155, 2009 WL 890640, at *1 (E.D.N.Y. Mar. 31, 2009) (citing *Concepcion v. Ross*, No. 92 Civ. 770, 1997 WL 777943, at *1 (E.D.N.Y. Oct. 28, 1997) (citing Local Civil Rule 1.3(d) and holding "[t]he responsibility for keeping the court informed of changes of address rests with the petitioner.")).

Here, plaintiff has repeatedly refused to respond to the Court's orders. He did not appear at two conferences and has failed to communicate with the Court or with defendants' counsel. Furthermore, plaintiff did not appear at the order to show cause hearing scheduled for March 12, 2014—six months ago—and has not otherwise attempted to prosecute this action since that time. Moreover, well over two weeks have passed since plaintiff was advised to file objections to Magistrate Judge Tomlinson's R&R, and plaintiff was warned in the R&R that his failure to file objections would waive the right to appeal the dismissal. Plaintiff was also warned of the possibility of dismissal in the context of the order to show cause itself. Despite these warnings, plaintiff filed no objection. Thus, plaintiff has shown no interest in continuing with this action. Under these circumstances, no sanction less than dismissal will alleviate the prejudice to defendants of continuing to keep this action open. In addition, the Court needs to avoid calendar congestion and ensure an orderly and expeditious disposition of cases. Finally, plaintiff's failure to meet his obligation to update his address is an additional factor supporting dismissal of this action. Therefore, all the above-referenced factors favor dismissal of the instant case.

Thus, having conducted a review of the full record and the applicable law, and having reviewed the R&R for clear error,[1] the Court adopts the findings and recommendations contained in the R&R in their entirety and dismisses the plaintiff's complaint pursuant to Rule 41(b) of the

---

[1] Even under *de novo* review, the Court would reach the same conclusion.

Federal Rules of Civil Procedure for failure to prosecute. The Clerk of the Court is directed to close the case.

SO ORDERED.

JOSEPH F. BIANCO
United States District Judge

Dated: October 22, 2014
Central Islip, New York